IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| Farm-to-Consumer<br>Legal Defense Fund, et al. | : | Case No. 5:10-cv-4018 |
| Plaintiffs | : | Judge Mark W. Bennett |
| v. | : | |
| Sebelius, et al. | : | |
| Defendants | : | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION UNDER ALL WRITS ACT**

FDA does not deny that it is continuing to enforce 21 C.F.R. 1240.61 and 131.110 against individuals all over the United States. Indeed, FDA does not even apologize for its refusal to acknowledge that this Court, and not FDA, will determine whether the conduct engaged in by Plaintiffs and those other citizens throughout the country that are the subject of FDA enforcement actions is, or is not, legal. For this effrontery, FDA must be stopped.

FDA argues that Plaintiffs' motion under the All Writs Act is not well taken for three reasons: (1) Plaintiffs lack standing; (2) the All Writs Act is not applicable; and (3) Plaintiffs cannot satisfy the traditional criteria for the issuance of an injunction. As explained below, all three of these arguments lack merit and betray FDA's lack of understanding of the purpose of the All Writs Act.

With respect to FDA's first argument, Plaintiffs are not asserting the rights of Dan Allgyer, Richard Hebron and the Northern Virginia consumer. Those individuals are free to seek their own remedies in their own enforcement actions. Instead, Plaintiffs are

asserting the right *of this Court* to decide the issues that were first raised in this Court and that have now been subsequently raised in the three separate FDA enforcement actions. It is the inherent nature of the All Writs Act that a Court is authorized to issue any and all writs "necessary or appropriate in aid of [its] respective jurisdiction[]," which includes the right to stay other actions that involve the same issues that are before the issuing court. *See, e.g.*, *USCOC of Greater Missouri, LLC v. County of Franklin, Mo.*, 636 F.3d 927, 932-933 (8th Cir. 2011) (All Writs Act injunction was issued that enjoined all collateral attacks on a District Court's decision to allow the installation of cell phone towers.). Plaintiffs themselves stand nothing to gain in seeking the writ, rather, Plaintiffs seek to preserve the integrity of this Court's jurisdiction in deciding the issues that are before it, and that FDA is insolently raising in other tribunals. Thus, FDA's argument that Plaintiffs lack standing to seek an All Writs Act remedy is a red herring.

With respect to FDA's second argument, this is exactly the type of case that makes a remedy under the All Writs Act applicable, and FDA should be well aware that it is so. Specifically, on page 4 of its Resistance, FDA quotes *Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 106 S.Ct. 355 (1985) for the proposition that the purpose of the All Writs Act is to "prevent the frustration of orders [a court] has previously issued." While that may be true, *in the very next sentence* of the *Pennsylvania Bureau* case, the United States Supreme Court stated that it has also "held that the supplemental powers of the Act *are not limited* to situations where it is 'necessary' to issue the writ or order 'in the sense that the court could not otherwise physically discharge its appellate duties.'" *Id*. at 40 (emphasis added), quoting *Adams v. United States ex rel. McCann,* 317 U.S. 269, 273, 63 S.Ct. 236, 239, 87 L.Ed.2d 268

(1942). That is, *Pennsylvania Bureau* recognized that a writ should issue "where it may be necessary for the exercise of a jurisdiction already existing." *Adams*, 317 U.S. at 273.

In other words, a writ should issue to protect the jurisdiction of court that has a pending case that is being infringed upon by another case. Consequently, an injunction under the All Writs Act can be used to curb "ongoing" or "recurring" behavior in order to "aid" a court's jurisdiction. *See, e.g., Quinn v. Laird*, 89 S.Ct. 1491, 1492 (1969). Thus, given FDA's propensity to charge forward with enforcement actions notwithstanding the pendency of this case, this is exactly the type of case that is addressed by the All Writs Act.

FDA also argues on page 4 of its Resistance that the All Writs Act is not applicable in this case for an additional two reasons: (1) "potentially inconsistent future rulings by other federal courts has no bearing on this Court's ability to reach and resolve the merits of the instant suit" and, (2) because of the reasoning of the United States Supreme Court in *United States v. Mendoza*, 464 U.S. 154 (1984). Neither of these arguments is well taken.

First, this Court had primary jurisdiction over the issues involving 1240.61 and 131.110 and this Court should resolve these issues first. Once this Court resolves the issues, the other tribunals in which FDA is impertinently pursing enforcement actions would then have the benefit of this Court's analysis and reasoning on 1240.61 and 131.110. Should this Court rule against Plaintiffs, FDA would be free to resume its other actions. However, should this Court rule in favor of Plaintiffs, then those other tribunals would be apprised of the ruling of this Court and its concomitant reasoning and analysis,

and those other actions would go forward in a manner consistent with this Court's ruling. Thus, this Court should address the issues first.

Second, *Mendoza* is an "estoppel" case yet estoppel is not the Plaintiffs' argument in this case. Plaintiffs' argument is that FDA is circumventing the jurisdiction of this Court by presenting additional enforcement actions throughout the country, disrespecting the jurisdiction of this Court to first decide the issues. Of course, estoppel would not apply to the government in those other actions; those other actions could of course result in decisions that are inconsistent with the decision of this Court; and on appeal, subsequent Courts of Appeals decisions could result in a conflict between different Circuits, preserving the ability of FDA to obtain judicial review. Consequently, unless this Court rules in Plaintiffs' favor and other FDA actions are brought in this very Court, collateral estoppel would not apply in other actions brought by FDA against other individuals in other tribunals. Instead of an estoppel argument, Plaintiffs are attempting to curtail FDA's audacious behavior so that this Court can decide the issues first. Thus, this is the exact type of case that is addressed by the All Writs Act and thus the "nonmutual collateral estoppel" issue of *Mendoza* is not applicable.

With respect to FDA's third argument, an injunction issued under the All Writs Act is not the same thing as an injunction issued under Fed.R.Civ.Proc. 65. For example, an injunction issued under Rule 65 is meant to preserve the "status quo" of the parties while an injunction issued under the All Writs Act is to preserve the jurisdiction of the issuing court, enabling it "to reach and resolve the merits of the federal suit before it." *See, e.g., In re Baldwin–United Corp.,* 770 F.2d 328, 338-339 (2d Cir.1985). *See also U.S. v. Yielding*, 657 F.3d 722, 727 (8th Cir. 2011). In this case, Plaintiffs are not

4
Case 5:10-cv-04018-MWB   Document 74   Filed 01/17/12   Page 4 of 7

attempting to preserve any status quo with FDA; to the contrary, Plaintiffs are attempting to prevent FDA from continuing to bring enforcement actions in contempt of the issues before this Court. Therefore, contrary to FDA's argument on page 6 of its Resistance, Plaintiffs are not required to "satisfy the substantive requirements for issuance of a preliminary injunction."

FDA cites to *Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1020 (8th Cir. 2002) for the proposition that the "four factors" of Rule 65 apply to writs issued under the All Writs Act. However, *Canady* was implicitly overruled by the United States Supreme Court in *Sygenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 123 S.Ct. 366 (2002). *See Phelps-Roper v. City of Manchester*, 738 F.Supp.2d 947 (E.D. Mo. 2010). In *Canady*, the district court *sua sponte* removed a State case to federal court in order to issue an injunction under the All Writs Act, and then applied the four factors of Rule 65 in issuing the writ. However, the Supreme Court in *Sygenta* ruled that the All Writs Act does not confer independent jurisdiction over a district court to *sua sponte* remove a State case to federal court in order to issue a writ. Instead, the Supreme Court held that statutory procedures for removal must be followed before the writ can be issued. Thus, *Canady* is not good law and is not on point in this case. Consequently, a writ issued under the All Writs Act need not be based on the four factors of Rule 65.

FDA's presumption that it can continue to "enforce" the law as it interprets it should be stopped. FDA's disrespect for this Court's jurisdiction to decide the issues surrounding 1240.61 and 131.110 suggests that it will continue to bring additional enforcement actions against other citizens who may be engaged in lawful behavior. Such insolence should stop.

Plaintiffs are merely asking this Court to enjoin FDA from engaging in, initiating, or continuing any enforcement of 1240.61 and 131.110, civil, criminal administrative or otherwise, against any other individuals or entities until this case is resolved. The injunction should include enjoining the continued prosecution of any and all existing enforcement actions, criminal, civil, administrative or otherwise, pending in any tribunal or court until this case is resolved. Plaintiffs are asking for nothing further.

Thus, Plaintiffs' motion is well taken and it should be granted.

Dated: January 17, 2012          Respectfully submitted,

/s/ David G. Cox
David G. Cox
4240 Kendale Road
Columbus, OH 43220
dcoxlaw@columbus.rr.com
Phone: 614-457-5167
Lead Counsel for Plaintiffs

Wallace L. Taylor
118 3rd Ave., S.E.
Cedar Rapids, IA 52401-1210
wtaylorlaw@aol.com
Phone: 319-366-2428
Local counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filings(s) to the following:

MARTHA A. FAGG
Assistant United States Attorney
600 4th Street, Suite 670
Sioux City, IA 51101
712-255-6011
712-252-2034 (fax)
martha.fagg@usdoj.gov
usao.ian-civ-dc-sc@usdoj.gov

LAWRENCE D. KUDEJ
Assistant United States Attorney
401 First St. SE, Suite 400
Cedar Rapids, IA 52401-1825
319-363-6333
319-363-1990 (fax)
Larry.Kudej@usdoj.gov

ROGER GURAL
Trial Attorney
Office of Consumer Litigation
Department of Justice
Civil Division
P.O. Box 386
Washington, D.C. 20044
202-307-0174
202-514-8742 (fax)
roger.gural@usdoj.gov

                                                            /s/ David G. Cox
                                                            David G. Cox