IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| FARM-TO-CONSUMER LEGAL DEFENSE FUND, LAURIE DONNELLY, JENNIFER ALLEN, DR. JOSEPH HECKMAN, DANE MILLER, CYNTHEA LEE ROSE, ERIC WAGONER, ANNE COOPER, and MICHAEL BUCK, <br><br> Plaintiffs, <br> vs. <br><br> KATHLEEN SEBELIUS, in her official capacity as Secretary, United States Department of Health and Human Services, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, MARGARET HAMBURG, in her official capacity as Commissioner, United States Food and Drug Administration, and UNITED STATES FOOD AND DRUG ADMINISTRATION, <br><br> Defendants. | No. C 10-4018-MWB <br><br><br> **MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION TO AMEND JUDGMENT** |

_____

This matter comes before me on the April 5, 2012, Motion To Amend Judgment (docket no. 81) by the "agent" plaintiff, Eric Wagoner, and the "producer" plaintiff, Michael Buck. The moving plaintiffs asset that I erred when I dismissed their claims for lack of standing in my March 30, 2012, Memorandum Opinion And Order Regarding Defendants' Renewed Motion To Dismiss And, In The Alternative, Motion For Summary Judgment And Plaintiffs' Motion For Summary Judgment (Ruling)

(docket no. 79) and the Judgment (docket no. 80) pursuant to that Ruling. The FDA filed a Resistance (docket no. 82) on April 20, 2012, and the moving plaintiffs filed a Reply (docket no. 83) on April 26, 2012. I do not find any "manifest errors of law or fact" that warrant relief from the Judgment. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413-14 (8th Cir. 1988); *see also* FED. R. CIV. P. 59(e).

First, the moving plaintiffs' contentions that I relied primarily on the FDA's answers to the certified questions and that the only new facts in the record are the answers to the certified questions are both wrong. Rather, I noted, first, that the only plaintiff who had even alleged that the FDA had applied or sought to apply the challenged regulations to him was plaintiff Wagoner. I also concluded that Wagoner's allegations that the FDA, rather than the GDA, enforced the embargo and destruction of his raw milk did not generate reasonable inferences, because they are conclusory and speculative. *See* Ruling at 2-3. That conclusion was based on the parties' statements of fact, and accompanying appendices, which showed that Wagoner had nothing but speculation or suspicion to support his assertion that the FDA ordered the destruction of his raw milk. *See id.* at 3. I stand by that assessment of the record. Thus, none of the plaintiffs, including Wagoner or Buck, has shown any "injury in fact" to support their standing. *See id.* at 2 (citing *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 984 (8th Cir. 2009)).

The moving plaintiffs also assert that I erred in concluding that they had not demonstrated a "threat of injury in fact." *See id.* (again citing *Gray*, 567 F.3d at 984, for the "threat of injury in fact" alternative to show standing). In so holding, I did rely, in part, on the FDA's answers to the certified questions as demonstrating that it was now abundantly clear that the FDA has not and does not intend to enforce the regulations against any of the plaintiffs, but that conclusion was ultimately based on the entire record, not just on the FDA's answers to the certified questions or recent public

statements. The mere existence of a regulation that ostensibly would prohibit the plaintiffs' conduct is not enough to establish a real threat of enforcement, where the regulations have been uniformly and without exception unenforced against the conduct in question, such that the regulations have fallen into desuetude as to such conduct. *Cf. St. Paul Area Chamber of Commerce v. Gaertner*, 439 F.3d 481, 486 (8th Cir. 2006). Certainly, none of the plaintiffs can claim that the mere existence of the regulations, promulgated in final form in 1973 and 1987, respectively, has chilled their conduct, notwithstanding the lack of any actual enforcement action by the FDA. *Cf. id.* I do not believe that I erred, manifestly or otherwise, in concluding that the plaintiffs' allegations of a "threat of injury in fact" were too conjectural, hypothetical, and speculative to establish their standing. *See Gray*, 567 F.3d at 984.

Although the moving plaintiffs contend that I made contrary findings—that they do have standing—in my original ruling on the FDA's motion to dismiss for lack of standing (docket no. 27), my earlier conclusions about standing were explicitly identified as "preliminary."

THEREFORE, the April 5, 2012, Motion To Amend Judgment (docket no. 81) by the "agent" plaintiff, Eric Wagoner, and the "producer" plaintiff, Michael Buck, is **denied.**

**IT IS SO ORDERED**.

**DATED** this 1st day of May, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA